# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

UNITED STATES OF AMERICA,          Case No. 1:20-cr-52
     Plaintiff                        McFarland, J.
                                     Litkovitz, M.J.

     vs.

RICHARD CHARLES SOMMERVILLE,       **ORDER**
     Defendant.

The defendant has been charged with a narcotics conspiracy in violation of 21 U.S.C. § 846 and possession with intent to distribute narcotics in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) and 18 U.S.C. § 2.   This matter is before the Court following the June 9, 2022, bond revocation hearing at which the government and the defendant, represented by counsel, were present.

On June 1, 2022, the Court issued an arrest warrant based on a bond violation report. (Docs. 206, 207).   The defendant was subsequently arrested, and on June 9, 2022, the defendant appeared before the undersigned magistrate judge for a bond revocation hearing. At the hearing, the government moved for bond revocation and detention of the defendant based upon the report of the United States pretrial services officer and a subsequent state court indictment.

Pursuant to 18 U.S.C. § 3148, a person who has been released on bond pursuant to 18 U.S.C. § 3142 and who has violated a condition of his release is subject to a revocation of release and an order of detention.   Under Section 3148(b), the judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer finds that there is probable cause to believe that the person has committed a federal, state, or local crime while on release, and finds either: (1) that there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other

person or the community, or (2) the person is unlikely to abide by any condition or combination of conditions of release.

For the reasons stated by the Court on the record in open court, the defendant's bond is revoked. As a condition of bond, the defendant was ordered not to violate any federal, state, or local law while on release. (Doc. 13). On May 20, 2022, the defendant was indicted by a Hamilton County, Ohio grand jury on charges of Felonious Assault and Aggravated Burglary after he was placed on bond in the instant case. He was subsequently arrested and detained at the Hamilton County Justice Center. The Court finds there is probable cause to believe the defendant has committed a state court crime while on release on bond in this federal court given the May 20, 2022 state court indictment.

If there is probable cause to believe that, while on release, the person committed a federal, state, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community. 18 U.S.C. § 3148(b). The defendant has not rebutted the presumption in this case.

In connection with the defendant's arrest on the state court charges, a surveillance video of the alleged incident showing the defendant's assaultive behavior was provided to the Court, the government, and counsel for the defendant. The video shows the defendant striking a female bartender multiple times and taking her to the floor. Based on the defendant's actions set forth in the video, the defendant's previous criminal history involving crimes of violence, and the nature of the instant alleged federal offense, which itself carries a presumption of detention, the Court finds there is no condition or combination of conditions

of release that will assure the defendant will not pose a danger to the safety of any other person or the community.

**IT IS THEREFORE ORDERED** that the bond previously set in this matter is revoked and that the defendant be detained pending resolution of the criminal charges against him.

Date:_____6/9/2022_____

Karen L. Litkovitz
United States Magistrate Judge